

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| THE NATIONALIST MOVEMENT | CIVIL ACTION NO. 07-2168 |
| -vs- | JUDGE DRELL |
| TOWN OF JENA, et al. | MAGISTRATE JUDGE KIRK |

## REASONS FOR CONSENT ORDER AND FINAL JUDGMENT

The Court considered the proposed CONSENT order and final judgment ("consent judgment") which was submitted by defendants Town of Jena and Mayor Murphy McMillan and was agreed to by all parties. We approve it because we agree that Ordinance # 146, Section 130 of the Town of Jena is unconstitutional and thus unenforceable as written. Furthermore, we find that the parties' proposed consent judgment is essentially fair and reaches substantially the same result that we would have reached under current law.

Here, Jena Ordinance # 146, Section 130 discriminates based on whether the entity seeking a parade permit is, e.g., a labor organization or school organization. Non-exempt entities would be required to post a $10,000 bond and submit to the permit application process, while exempt entities would be free from all restrictions. Because the ordinance appears to discriminate against different groups based on the content of the speech (through the nature of the group in question) and to impose significant restrictions on non-exempt groups, it appears to be unconstitutional on its face. See,

e.g., <u>Forsyth County, Ga. v. Nationalist Movement</u>, 505 U.S. 123 (1992) (striking down an ordinance as unconstitutional under the First and Fourteenth Amendments where sliding-scale fee for assembling or parading required content-based discrimination). Thus, the parties are correct that the statute is unconstitutional, and the Town of Jena's consent to repeal the offensive portion of the ordinance is appropriate.

Although the parties have resolved their primary dispute regarding the freedom of speech issue, the joint motion for consent order and final judgment does not directly address the secondary claim by The Nationalist Movement attacking the Town's permit application. The permit application would have forbidden the carrying of firearms by parade participants. Because the consent judgment dispenses with Ordinance # 146, Section 130's requirements, and the plaintiff is not required by the town to execute the permit application, neither the parade permit's requirements nor its prohibition against firearms have to be accepted by plaintiff prior to the proposed demonstration. Furthermore, because the plaintiff's firearms claim is mooted by the parties' agreement memorialized in the consent judgment, it (along with any other claims by plaintiff) is DISMISSED by the terms of the judgment.

We reiterate that although the consent judgment does not specifically incorporate plaintiff's gun claims under the Second Amendment, nothing in this judgment shall be deemed to recognize any request by plaintiff or any demonstration or parade participant to carry weapons of any kind. Likewise, neither does the judgment affect the police power of the Town of Jena and the State of Louisiana, which includes the right and duty to protect and promote the public safety. The consent judgment simply means that the

plaintiff, The Nationalist Movement, may parade in Jena, Louisiana free of the unconstitutional restrictions of Ordinance # 146, Section 130.

SIGNED on this 14th day of January, 2008 at Alexandria, Louisiana.

                                        DEE D. DRELL
                               UNITED STATES DISTRICT JUDGE