

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **THE NATIONALIST MOVEMENT** | **CIVIL ACTION NO. 07-2168** |
| **-vs-** | **JUDGE DRELL** |
| **TOWN OF JENA, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is a motion to award attorneys' fees (Doc. 54) filed by plaintiff, The Nationalist Movement, following entry of this court's consent order and final judgment (Doc. 27) in favor of plaintiff as "prevailing party" on January 11, 2008. Plaintiff seeks (1) a lodestar of $36,210.00 in fees, (2) the application of a double multiplier which would bring the total to $72,420.00, (3) costs totaling $720.00, and (4) fees for local counsel in the amount of $3,811.50.[1] Defendants counter that plaintiff wrongly: (1) attempts to bill for hours spent—after the aforementioned consent order was entered disposing of all matters except attorneys' fees—re-urging motions this court had previously denied, (2) bills for many vague or insufficiently documented hours, and (3) seeks to bill attorney-level rates for administrative-level and unrelated work. We reject plaintiff's suggested lodestar and argument for the application of a multiplier. For the reasons set forth below, the motion will be granted in the amount of $17,143.30.

---

[1] Plaintiff seeks payment for 181.05 hours of work at a rate of $200.00 per hour (= $36,210.00), with a multiplier of 2.0 (= $72,420.00). Defendants do not contest plaintiff's rate of $200.00, but do contest the hours billed as well as the amount of and grounds for the multiplier's application. Defendants also do not contest the amount sought by plaintiff's local counsel.

## I.    Standard for Awarding Attorneys' Fees

The Fifth Circuit explains the procedure for calculating attorneys' fees:

> [D]etermination of reasonable attorneys' fees involves a two-step procedure. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id.* Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (defining base fee to be product of reasonable hours and reasonable rate); *Hensley*, 461 U.S. at 433 (defining product of hours reasonably expended and reasonable hourly rates as "the most useful starting point"); *Brantley v. Surles*, 804 F.2d 321, 325 (5th Cir. 1986) (stating hours multiplied by rate to be normal basis for fee). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. *Brantley*, 804 F.2d at 325. Determinations of hours and rates are questions of fact. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) (reviewing hours for clear error).

* * *

As noted, the first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended. *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1214 (3d Cir. 1978). The district court must determine whether the hours claimed were "reasonably expended on the litigation." *Alberti v. Klevenhagen*, 896 F.2d 927, 933–34 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990); *see also Hensley*, 461 U.S. at 434 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant . . . should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437; *see also Bode*, 919 F.2d at 1047 ("The party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").

Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden. *Id.* "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that

2

the district court can fulfill its duty to examine the application for noncompensable hours." *Id.*; *see also Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete. *See Alberti*, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); *Leroy v. City of Houston (Leroy I)*, 831 F.2d 576, 585-86 (5th Cir. 1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); *cf. Hensley*, 461 U.S. at 433 (counseling that "where the documentation of hours is inadequate, the district court may reduce the award accordingly").

\* \* \*

Failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours. *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir. 1992).

*Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–325 (5th Cir. 1995); *see also Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (holding that parties seeking attorneys' fees "are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment"). "If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker*, 313 F.3d at 251 (internal quotation omitted).

As noted in *Kellstrom*, "[a]djustment of the lodestar in this circuit involves the assessment of a dozen factors" from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

The factors include: 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed

or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases.

*Kellstrom*, 50 F.3d at 329 n. 19. "Although all of the Johnson factors must be considered, recent decisions of this Court suggest that district courts, in computing attorneys' fees, should pay special heed to *Johnson* criteria numbers (1) the time and labor involved, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation, and ability of counsel." *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 (5th Cir. 1980) (citations omitted).

## II. Analysis of Total Hours

In this case, plaintiff's attorney has submitted documentation claiming 181.05 total hours expended. Defendants dispute this total.

### A. Post-judgment Work

Defendants contend that all hours billed after this court entered final judgment of January 11, 2008 are related only to the plaintiff's attorney's futile attempts at overturning the <u>consent</u> order and judgment entered on that date. At best, defendants argue, plaintiff is entitled to claim only 116.25 total hours through January 11, 2008. This court agrees generally with defendants' reasoning regarding the January 11, 2008 final judgment cutoff, but with one caveat. The Fifth Circuit has "held that prevailing parties are entitled to attorney's fees under § 1988 for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights action." *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (citing *Johnson v. State of Miss.*, 606 F.2d

635, 637–638 (5th Cir. 1979) (collecting cases)). Thus, the ten hours billed on March 13 and 14, 2008—6.50 and 3.50 hours, respectively—are appropriately sought insofar as they relate to preparing the motion for attorney fees. However, the paralegal rate discussed below in Section C will apply to 35% of those ten hours. Aside from the amounts approved here, we agree that the post-January 11, 2008 work is entirely unrelated to the suit filed herein to void the unconstitutionally vague parade ordinance in Jena, Louisiana.[2] Thus, the billings for those amounts included in the calculation here are disallowed for this reason as well as for the following observations on vagueness.

## B.    Vague or Insufficiently Documented Hours

Defendants complain that plaintiff's submission of hours is so vague as to warrant a reduction and that it does not reflect the exercise of the attorney's billing judgment. This court agrees. *See, e.g., LULAC v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("[T]he attorneys' billing records contain particular entries that the district court was within its discretion to disallow based on vagueness. The entry cited by the district court as an example in its opinion, Sanders-Castro's entry of 6.9 hours for "research and review of cases," is just such an entry."). A brief comparison of plaintiff's attorney's billing statement with that provided by his local affiliating counsel, which is divided into particularized, six-minute blocks of time with precise explanation of work performed, reveals the generic temporality and vague description of the former.

---

[2]  It is for this same reason that plaintiff's local counsel's hours worked after January 11, 2008—excluding those spent on the attorneys' fees motion—are excluded. Local counsel claimed 25.41 total hours at $150.00 per hour (= $3,811.50). Excluding hours worked after January 11, 2008, but not those spent on attorneys' fees, gives a reduced total of 17.48 hours. At $150.00 per hour, the new total lodestar for local counsel is $2,622.00. Since defendants do not object, and since local counsel's precise billing is in no way vague or unhelpful to this court, it will be awarded in full.

(*Compare* Doc. 54–2, at 2–7, *with* Doc. 54–2, at 18–31). Owing to the lack of adequate documentation in plaintiff's attorney's billing statement—as nearly all descriptions of service are as vague as or worse than that deemed too indefinite in *LULAC*—and lack of demonstrated billing judgment, this court finds that a twenty-five percent (25%) reduction in the number of total hours submitted would properly reflect a reasonable expenditure of hours by plaintiff's attorney.

### C.    Non-legal Work

Defendants' chief complaint is that plaintiff's attorney is, by his own admission, billing his $200.00 per hour fee for many hours that are actually clerical or administrative work or actively participating in the constitutionally-protected acts such as parades or speech enjoined by defendants in this case. As the Fifth Circuit has noted, regardless of whether work is performed by an attorney:

> Clerical work . . . should be compensated at a different rate from legal work. *See Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985) ("A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate. . . ."); *Johnson*, 488 F.2d at 717 ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers. . . ."); *see also Alberti*, 896 F.2d at 933 (reducing the hours awarded because some monitoring work does not meet "the discipline of legal work").

*See Walker v. HUD*, 99 F.3d 761, 770 & n.10 (5th Cir. 1996); *accord Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (affirming district court's finding lack of billing judgment in billing for non-legal hours including "time billed for drafting press releases and preparing for a media interview").

6

Based on the vagueness of nearly all of the entries, as discussed above, it is nearly impossible to determine which blocks of hours—or which hours within those blocks—are specifically legal and which are non-legal. Many, however, include some categorical notation as to the "administrative" or otherwise non-legal nature of the work performed, permitting this court to estimate the necessary reduction of fees for those hours. Accordingly, this court will apply the reasonable rate for a paralegal practicing in this area to thirty-five percent (35%) of the total number of claimed hours (116.25 hours before January 11, 2008 judgment minus the 25% reduction discussed above) to discount for non-legal work performed by plaintiff's attorney. This court finds the rate of $45.00 per hour for paralegal work to be reasonable for the type of work performed.

III.    **Analysis of Relevant *Johnson* Factors**

Plaintiff requests an enhancement to the lodestar under *Johnson*. Specifically, plaintiff's attorney asks that attorneys' fees be doubled owing to the undesirability of this case. *See Kellstrom*, 50 F.3d at 329 n. 19 (citing factor ten from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Defendants point out that plaintiff's attorney, as founder, general counsel, and a personally active participant in all planned parade activities of The Nationalist Movement, thrives on this type of case and the publicity it entails, and that he in no way finds it undesirable. Defendants do not, however, provide support for this court's adoption of a subjective standard to the effect that a case must be personally distasteful to the attorney in order for him to get a higher fee. Such a rule would absurdly rule out the hiring of like-minded men and women to serve as in-house counsel by civil rights groups. The standard must be more objective

7

than that. *Johnson* merely allowed the court to consider the adverse impact representing an unpopular client might have on a civil rights attorney's law practice:

> Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. . . . . This can have an economic impact on his practice which can be considered by the Court.

*Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974).

Plaintiff's attorney states in his motion that he "is in the private practice of law as a sole-practitioner and maintains cases involving real-estate, personal-injury, criminal, general business and constitutional-rights matters. During the pendency of this case, three potential-clients, who had conferred with counsel regarding separate matters, declined [his] legal-representation." (Doc. 54–2). Plaintiff's attorney presents no evidence that these prospective clients did not hire him for legal services specifically because of his civil rights litigation on behalf of plaintiff. Accordingly, because there is no support for an otherwise conclusory claim that plaintiff's case was so undesirable as to affect counsel's law practice adversely, this court declines to impose any enhancement on the lodestar.

## IV. Conclusion

We find that plaintiff's lead attorney expended 116.25 hours litigating this matter to the date of final judgment. We find that an additional 10 hours were spent on securing attorneys' fees under § 1988, for a total of 126.25 total hours. We find that a 25% reduction in total hours is necessary to reflect a reasonable billing judgment, for a total of 94.69 total hours. We find that a rate of $200.00 per hour is a reasonable rate for the time expended and type of work involved by the plaintiff's attorney on legal work, and

that $45.00 per hour is a reasonable rate for non-legal work performed by plaintiff's attorney. We find that 65% of the billed hours (61.55 hours) were for legal work and 35% (33.14 hours) were non-legal work, for a total of $13,801.30 (i.e., $12,310.00 plus $1491.30). We find that no *Johnson* factors warrant an enhancement to the lodestar amount. We find plaintiff is entitled to costs totaling $720.00 and fees for local counsel in the amount of $2,622.00.

Accordingly, for the foregoing reasons, plaintiff's motion will be granted in the amount of $17,143.30.

SIGNED on this $\underline{26}$ day of March, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE